SAM JOHNSON V. THE STATE.

No. 2533.   Decided June 18, 1913.

Rehearing denied October 15, 1913.

1.—Aggravated Assault—Statement of Facts—Bills of Exceptions—Practice on Appeal.

Where, upon appeal from a conviction of aggravated assault, the statement of facts and bills of exception were filed too late in the trial court, the same could not be considered on appeal.

**2.—Same—Motion for Rehearing.**

Where, upon motion for rehearing, it was not shown that the statement of facts and bills of exception were not filed within time, through no fault of appellant or his counsel, and it appeared from the record that they were not filed at all, in time, there was no ground for reversal, and the same could not be considered on appeal.

Appeal from the County Court of Shelby. Tried below before the Hon. S. H. Truitt.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*Thos. O. Davis* and *J. P. Anderson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an aggravated assault, his punishment being assessed at a fine of $25.

The County Court adjourned on the 21st of December, 1912. The statement of facts and bills of exception were filed on the 8th of the following May. This was too late. These matters can not be considered. With the evidence and bills of exception eliminated there is no reviewable question.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### October 15, 1913.

DAVIDSON, Judge.—The judgment herein was affirmed in June last just before the final adjournment of court. None of the questions suggested were revised because of the fact the statement of facts and bill of exceptions were filed too late to be considered, court having adjourned on the 21st of December, 1912, and these papers were not filed until the 8th of the following May.

Appellant moves for a rehearing on the ground that the statement of facts and bills of exception were made up and prepared within the time agreed to by the county attorney, and by appellant's counsel turned over to the county judge in ample time for his approval, but he failed to do this, but, on the contrary, held them. He says this delay is not chargeable to the appellant, and he should not, therefore, be deprived of the benefit of his statement of facts and his bills of exception. In this motion it is stated that the affidavit of the attorneys and the county attorney would later be filed with this motion and in support of it, but this has not been done, and the motion is before us simply on the allegations set forth and above mentioned. If the appellant had used such diligence as is required by law to obtain a statement of facts or bills of exception, and had been deprived through no fault of his of securing either or both, the judgment ought to be reversed in order that he may

present his case to the court as it occurred. There is another rule, also, that if the statement of facts or bills of exception are not filed within the time required by the statute, through no fault of appellant or his counsel, yet the court does approve and file them, and certifies them to be correct, this court may then consider the same, although not filed in time. This grows out of the provision of the statute which says appellant shall have these matters considered, although not filed in accordance with the statute, if this failure to so file arose through no fault of appellant or his counsel. But neither rule has been complied with here. If appellant had filed his affidavit showing no want of diligence on his part, but that he was deprived of a statement of facts and bills of exception through no fault of his, but of the county judge, then he would present a question which would require serious thought, and if he was without fault, then a reversal. But the matter is not thus presented, therefore the motion for rehearing is overruled.

*Overruled.*